GLENN B. McCORMICK
Acting United States Attorney
District of Arizona
ERICA L. SEGER
Assistant U.S. Attorney
State Bar No. 022681
405 W. Congress St., Suite 4800
Tucson, AZ 85701-5040
Tel. (520) 620-7300
Email: erica.seger@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| United States of America, | CR-20-00588-TUC-JCH |
|---|---|
| Plaintiffs, | GOVERNMENT'S REPONSE TO DEFENDANT'S OBJECTIONS TO THE GUIDELINE CALCULATIONS IN THE PRE-SENTENCE REPORT |
| v. | |
| Brent Myers, | |
| Defendant(s). | |

Plaintiff, the United States of America, by and through its attorneys respectfully submits its response to the defendant's objection to the guideline calculations in the pre-sentence report. The sentencing hearing is currently scheduled for August 24, 2021.

**A.  BACKGROUND AND FACTS[1]**

Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI) special agents from Tucson developed information that the several internet protocol (IP) addresses assigned to the defendant and his wife had been identified as potential download candidates for sharing child pornography files on the eMule/ED2K peer-to-peer (P2P) file-sharing network. The IP addressed assigned to the defendant's computer changed several times. Between July 2016 and February 2018, investigative software

---

[1] For purposes of the government's objection, the government incorporates the statements of the offenses contained in the PSR as well as the additional facts provided here.

1

established direct connections to the computers using the IP addresses on multiple occasions and obtained partial downloads. On February 19, 2018, agents with HIS downloaded a partial file named "(Pthc) Sex With The 10-Year Girl (, Children, Girls, Youngsters).avi" This is a video file that depicts a prepubescent girl who appears to be approximately 9 to 11 years old. The video begins with the girl posing in her underwear (she is topless). During the downloaded portion of the video, the girl rubs her buttocks and pubic area with her hands under her underwear, and the camera zooms in on those areas as she does this. The downloaded portion of the video then cuts to show the girl lying nude on a bed. While there, the girl spreads her legs open and rubs her body (including her pubic area) with her hand, and the camera zooms in on her pubic area as she rubs that part of her body. Two other brief clips appear later in the downloaded portion of the video that appear to depict an adult male rubbing his penis on the girl's pubic area and/or anus.

During his recorded interview with HSI, the defendant was asked if he was aware that eMule shared the contents of the eMule download folder with other users, and the defendant stated that he was. The defendant also told agents that he moved music files out of the eMule download folder and deleted the child-pornography files from within the eMule download folder, to prevent those files from being shared with other users. When asked if he had ever changed any of the eMule settings in an attempt to limit the sharing that he did with other users, and he advised that he had. The defendant told agents that he would "turn off the, um, shared folders" and "limit the speed at which it, um, shares, uh, data".

On May 19, 2021, the draft pre-sentence report was released. The report calculated a base offense level under the advisory Sentencing Guidelines of 18, U.S.S.G. § 2G2.2(a)(1), and applied upward adjustments totaling 15 levels under § 2G2.2(b)(2) (+2 for depictions of pre-pubescent minors), § 2G2.2(b)(3)(F) (+2 for offense involving distribution of child pornography), § 2G2.2(b)(4) (+4 for depictions of sadistic and masochistic conduct), § 2G2.2(b)(6) (+2 for use of a computer), and § 2G2.2(b)(7)(D) (+5 for more than 600 images of child pornography) for an adjusted offense level of 33. (PSR

¶¶ 49-58.) The report also applied a three-level reduction in defendant's offense level, pursuant to U.S.S.G. § 3E1.l, for a total offense level of 30. (PSR ¶¶ 60-62.)

On June 2, 2021, the defendant filed an objection to the +2 enhancement for distribution, arguing that the although the defendant knew and understood how the peer-to-peer file sharing program eMule works, he did not knowingly distribute images and videos of child sex abuse material because he took steps to reduce the possibility of his distributing these files.

## II. LAW AND ARGUMENT

The preponderance of evidence standard is generally the appropriate standard for factual findings used for sentencing. *United States v. Dare*, 425 F.3d 634, 642 (9th Cir. 2005); *United States v. Restrepo*, 946 F.2d 654, 661 (9th Cir. 1991) (en banc) ("[A]s a general rule . . . , due process does not require a higher standard of proof than preponderance of the evidence to protect a convicted defendant's liberty interest in the accurate application of the Guidelines.").

As noted above, U.S.S.G. § 2G2.2 is the relevant sentencing guideline for the defendant's offense. This provision also contains various specific offense characteristics applicable to child pornography offenses. Relevant to this objection, U.S.S.G. § 2G2.2(b)(3) states:

(3) (Apply the greatest) If the offense involved:

 (A) Distribution for pecuniary gain, increase by the number of levels from the table in § 2B1.1 (Theft, Property Destruction, and Fraud) corresponding to the retail value of the material, but by not less than 5 levels.

 (B) Distribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain, increase by 5 levels.

 (C) Distribution to a minor, increase by 5 levels.

 (D) Distribution to a minor that was intended to persuade, induce, entice, or coerce the minor to engage in any illegal activity, other

than illegal activity covered under subdivision (E), increase by 6 levels.

(E) Distribution to a minor that was intended to persuade, induce, entice, coerce, or facilitate the travel of, the minor to engage in prohibited sexual conduct, increase by 7 levels.

(F) Distribution other than distribution described in subdivisions (A) through (E), increase by 2 levels.

Under the child pornography sentencing guidelines, "distribution" can be found when the defendant knowingly "used a file-sharing program to download child pornography that, whether knowingly or unknowingly, allowed others access to those files." *United States v. Vallejos*, 742 F.3d 902, 908 (9th Cir. 2014). "[E]vidence of a deliberate, affirmative action of delivery" is not required to sustain a conviction for distribution of child pornography under 18 U.S.C. § 2252(a)(2). *United States v. Budziak*, 697 F.3d 1105, 1108–09 (9th Cir.2012).

Although the defendant relies on *Vallejos*, the decision does not support his position. The Ninth Circuit in *Vallejos* upheld the 2-level sentencing enhancement based on the fact that Vallejos:

> understood how LimeWire operated. He testified at trial that he initially downloaded the file-sharing program "for music" but that he "came across" child pornography while using LimeWire to view adult pornography. He said that child pornography "piqued his interest" and that he began to "copy information from child pornography files ... and use information in those titles to search for other files." He testified about the search terms he used to "get more child pornography," and he explained that he generally deleted images after viewing them.

These facts are virtually identical to those present here. The defendant understood how eMule worked, he used the program to download music (and child sex abuse material) and he deleted the images after viewing them. (PSR ¶¶ 22-25.) The fact that he unsuccessfully took steps to reduce the frequency with which he distributed the child sex

4

abuse material only supports the government's argument that he was knowingly making the files available for download by others, albeit at a slower speed.

Wherefore, the United States respectfully requests that this Court impose a two-level specific offense characteristic for distribution of child sex abuse material and overrules the defendant's objections to the guideline calculations in the pre-sentence report.

**RESPECTFULLY SUBMITTED** on this 10th day of June, 2021.

GLENN B. McCORMICK
Acting United States Attorney
District of Arizona

*s/ Erica L. Seger*

Erica L. Seger
Assistant United States Attorney

Copy of the foregoing served electronically or by other means this 10th day of June, 2021, to:

All ECF participants